MATTER OF SIHASALE

In Deportation Proceedings

A-14682948

*Decided by Board March 23, 1966*

(1) Where decision on an application under section 243(h), Immigration and Nationality Act, was rendered subsequent to the amendment of that section by section 11(f) of P. L. 89-236, and fails to reveal whether the test of the new law was applied, the case will be remanded to have such deficiency supplied.
(2) Since a section 243(h) applicant has the burden of establishing that her case warrants favorable action and since her own testimony may be the best and, in fact, the only evidence available to her, it must be accorded the most careful and objective evaluation possible in the light of acceptable official knowledge.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (temporary visitor)—remained longer.

This case is before us on appeal from a special inquiry officer's order of December 7, 1965, granting the respondent's alternative request for voluntary departure; providing for her deportation to Indonesia in the event of her failure to so depart; and denying her application for temporary withholding of deportation to that country. The case will be remanded to the special inquiry officer for the reasons hereinafter set forth.

The record relates to a 37-year-old single female alien, a native and citizen of Indonesia, who last entered the United States on or about August 25, 1964. She was then admitted as a nonimmigrant temporary visitor. She was thereafter authorized to remain in the United States in that status until June 25, 1965. She has remained here since that date without authority.

The foregoing establishes the respondent's deportability on the charge contained in the order to show cause. This was conceded in the course of the hearing before the special inquiry officer, at which time the respondent was represented by counsel. The point

is unchallenged here. This aspect of the case, accordingly, requires no further discussion.

The special inquiry officer granted the respondent's alternative request for voluntary departure. Suffice it to say, in this connection, that the record before us supports said official's action in this respect.

On October 3, 1965, section 11(f) of Public Law 89–236 was enacted (79 Stat. 911), amending section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1253). That amendment struck out the words "physical persecution" and inserted in lieu thereof, as the test for temporary withholding of an alien's deportation, "persecution on account of race, religion, or political opinion." Our consideration of the special inquiry officer's opinion in this case, which was rendered after the enactment in question, fails to reveal whether said official applied the test of the new law in arriving at his decision to deny this respondent's request for temporary withholding of her deportation to Indonesia. We will remand the case to have this deficiency supplied.

The respondent's basic contention on appeal, however, is that the special inquiry officer saddled her with an improper burden of proof. She claims that his decision rests solely on a finding that her testimony is incredible. She asserts that the evidence of record should not be so simply brushed aside.

This section of the law, as do several other provisions thereof, vests in the Attorney General or his duly designated delegate the discretion to grant or deny relief from deportation. In all such cases, favorable exercise of relief is manifestly not a matter of right under any circumstances, but rather is in all cases a matter of grace. The very wording of the law provides freedom of decision, to wit: the possibility of denial on purely discretionary grounds. In the last analysis, then, the decision in an individual case depends on the facts and circumstances peculiar to it. Accordingly, the enunciation of specific "standards" or "guide lines," as has been requested by the respondent, would be unwarranted.

There are, nevertheless, certain general considerations which we think require recitation in connection with the instant application. Typically, the respondent has the burden of establishing that her case is a satisfactory one for favorable action (8 CFR 242.17(c)). Initially, that is, she has the obligation to set forth the conditions relating to her personally which support her anticipation of persecution. Characteristically, she has available to her no better methods for ascertaining current political conditions abroad than does the average person. Hence, practically speaking, although she may ultimately have the burden of persuasion, her own testimony may be

532

the best—in fact the only—evidence she has available. It must, therefore, be accorded the most careful and objective evaluation possible, in the light of acceptable official knowledge.

Our careful review of this record fails to reveal that the special inquiry officer has complied with the foregoing fundamental requirements herein. We will, therefore, remand the case to said official for appropriate action accordingly. In this connection, the respondent should be given the opportunity to present any obtainable pertinent evidence supporting her application.

**ORDER:** It is ordered that the special inquiry officer's decision of December 7, 1965 be withdrawn and that the case be remanded to said official for appropriate action not inconsistent with the foregoing opinion.